I2FOGG, Judge.
By this appeal, the Board of Trustees, State Employees Group Benefits Program (Group Benefits) contests the decision of the Civil Service Commission (Commission) to reinstate the employment of Samuel Mon-crieffe, whose employment with the agency had been terminated for cause. We reverse.
Samuel Moncrieffe began his employment with Group Benefits on May 5, 1988. Mon-crieffe was terminated from his position as Accounting Specialist I with Group Benefits effective April 30,1992; the stated reason for his termination was falsification of his employment application and poor work performance. Moncrieffe appealed to the Civil Service Commission, which ordered him reinstated with back pay and awarded him attorney’s fees. Group Benefits appeals that decision to this court.
Legal cause for removal of a permanent classified employee exists where conduct is shown which impairs the efficiency of the public service being rendered and which bears a real and substantial relation to the efficient operation of that service. Newman v. Department of Fire, 425 So.2d 753 (La.1983); See LSA-Const. Art. X, § 8. On review, the court of appeal must independently review the record to determine whether the Civil Service Commission’s conclusion was arbitrary, capricious, or manifestly wrong. Housing Authority of Morgan City v. Gibson, 598 So.2d 545 (La.App. 1st Cir.), writ denied, 604 So.2d 1000 (La.1992).
On appeal, Group Benefits urges that the Commission erred in determining that Group Benefits “offered no evidence establishing that [Moncrieffe] acted in any manner to conceal his prior state service in order to facilitate attempts to ‘falsify the qualifying forms he processed as a part of his job’ at any time.” We agree.
At the hearing held to review Moncrieffis separation from employment, Group Benefits introduced a copy of Moncrieffe’s employment application which he admitted filling out and signing. The application specifically required information about “EACH JOB” previously held by the applicant; however, Moncrieffe failed to |alist either of his previously-held state jobs. It is possible that the referee for the Commission chose to believe Moncrieffe’s explanation that he omitted his prior state service because “someone” told him he need not include restricted or probationary appointments, rather than the Personnel Director’s statement that Moncrieffe testified at his unemployment benefits hearing that he omitted these jobs because he thought listing them would hurt his chances of getting the Group Benefits’ position. Nevertheless, it is undisputable that Moncrieffe *681 answered “No” on the pre-employment application in response to the question: “Have you ever been removed from a position or resigned to avoid removal/disciplinary action?”; in fact, the record shows that Mon-crieffe was separated from state service as a Police Officer II for poor work performance which included falsification of work records.
Civil Service Rule 14.1(j) provides:
No person shall make any false statement, certificate, mark, rating, form or report with regard to any application, test, certification, personnel transaction, appointment or employment made under any provision of the Article, the Rules, or a regulation of the Department of Civil Service, or in any manner commit or attempt to commit any fraud preventing the impartial execution of the Article, Rules and regulations.
Moncrieffe’s assertion on his application regarding prior removal from employment was patently false; the referee manifestly erred in stating that Group Benefits failed to prove that Moncrieffe “acted in any manner to conceal his prior state service.”
The referee was also manifestly wrong in stating that Group Benefits “failed to establish impairment to the public service” justifying Moncrieffe’s termination. At the hearing, the manager of Moncrieffe’s section explained that his staff is responsible for establishing eligibility for plan members and that a person with a history of falsifying records could easily undermine the integrity of the records to the detriment of both the agency and the employees the plan is intended to serve; he testified that he would not have hired Moncrieffe had he known of his work history. Stating an untruth in answering a material and important Department of Civil Service query, even if only negligently done, bears a real and |4substantial relation to an employee’s qualifications for public work requiring reliability and trustworthiness. Cottingham v. Department of Revenue, State of Louisiana, 232 La. 546, 94 So.2d 662 (1957). It is further noteworthy that the record reveals a prior suspension of Moncrieffe in July, 1991 for poor performance, including gross inattention to detail despite retraining and counseling.
Moncrieffe urges, in essence, that Group Benefits should be estopped from taking disciplinary action against him on the grounds of “omissions” from his application because of the time lapse between his employment in May of 1988 and his termination in April of 1992. Moncrieffe’s manager testified that he first learned in October of 1991 that Moncrieffe had previously worked for the state; he initiated inquiries at that time. Moncrieffe was on military leave from October, 1991 until April, 1992; he was terminated shortly after his return to work in April, 1992. Moncrieffe contends that proper research on the agency’s part would have revealed his true work history at the time he was hired.
It is unnecessary to catalog the mis-communications which delayed Moncrieffe’s dismissal. An employee’s prior misconduct may later give rise to disciplinary action. Housing Authority of Morgan City v. Gibson, 598 So.2d at 550. Moncrieffe’s appointment to a position requiring sufficient integrity to deal with sensitive financial data was based, from its inception, on a he. He cannot now use inefficient personnel policies or actions as a shield.
We find that Group Benefits acted reasonably in terminating Moncrieffe’s employment for conduct which bore a substantial relation to the efficient operation of the agency. The Commission erred in ordering Moncrieffe reinstated with back pay and in ordering Group Benefits to pay attorney’s fees. Accordingly, the decision appealed from is reversed and Moncrieffe’s termination is reinstated. Costs of this appeal are assessed against appellee, Samuel Moncrieffe.
REVERSED.