United States Court of Appeals,

Fifth Circuit.

No. 94-30239

Summary Calendar.

Cleveland LONDON, Plaintiff-Appellant,

v.

MAC CORPORATION OF AMERICA, Defendant-Appellee.

Feb. 13, 1995.

Appeal from the United States District Court for the Middle District of Louisiana.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Plaintiff-Appellant Cleveland London ("London") appeals the district court's granting of Defendant-Appellee MAC Corporation of America's ("MAC") motion for judgment as a matter of law on the ground that there was no evidentiary basis for the jury to find that MAC should have reasonably anticipated that the gearbox cover on the shredder MAC designed and manufactured would be used as a work station. London also appeals the court's ruling that London's expert was not qualified to give opinion testimony on the design of the shredder. We affirm.

FACTS AND PROCEDURAL HISTORY

In September 1989, MAC sold and shipped a Saturn Shredder consisting of the shredder head and the electrical control panel to Schuylkill Metals Corporation ("Schuylkill") in Baton Rouge, Louisiana. The construction department at Schuylkill installed the shredder, using its own equipment to build a platform, frame, feed conveyor and hopper to go with the shredder. Sometime later

Schuylkill added an access platform and an overhead shed to facilitate the operation of the shredder.

A service technician from MAC was present at the start-up of the shredder. No problems were reported at start-up, except for a broken sprocket on the conveyor belt built by Schuylkill. In October 1989, Schuylkill contacted MAC's service department about two hydraulic leaks in the shredder. A service technician from MAC inspected the shredder and made the necessary repairs.

On April 23, 1991, London, a trained employee at Schuylkill, was operating the shredder when some of the material he was shredding clogged in the feed hopper of the shredder and caused the shredder to jam. London turned the shredder off, climbed over the motor drive of the shredder and stepped on top of the gear box cover to reach the clogged material. The shredder was elevated about ten feet off the ground. While attempting to dislodge the clogged material, London lost his balance, fell to the ground and severely injured his back.

London filed suit against MAC under the Louisiana Product Liability Law for designing the shredder without safe access to clogged materials and for failure to warn. At trial, the district court judge ruled that London's expert, a safety consultant, was not qualified to give an opinion regarding the design of the shredder because he was not an engineer and refused to allow him to testify.

At the close of the case, MAC moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The district court granted the motion, concluding that there was no

legally sufficient evidentiary basis that would allow the jury to find that MAC should have reasonably anticipated that the gearbox cover on the shredder would be used as a work station. The court subsequently entered judgment in favor of MAC and dismissed the suit.

## EXPERT QUALIFICATIONS

London contends that the district court erred in refusing to allow his expert witness, Michael Frenzel ("Frenzel"), to be qualified as an expert or to testify. He argues that in accordance with Federal Rule of Evidence 702, Frenzel had specialized knowledge with regard to the safety of the shredder itself, whether the shredder could be operated safely and if it could not be operated safely, how to make it safe.

The district court is given wide discretion to admit or exclude expert testimony under Rule 702, and any challenges to the court's ruling are reviewed under the "manifestly erroneous" standard. *Edmonds v. Illinois Cent. Gulf R. Co.,* 910 F.2d 1284, 1287 (5th Cir.1990). The district court found that because Frenzel was not an engineer he did not have the expertise to address the design of the shredder, how it operates, or the function and use of its parts. Additionally, the court found that what Frenzel could testify to—that it would not be safe to work on top of a gearbox cover ten feet off the ground—was common knowledge. Our review of the record supports the district court's finding. Therefore, we find no manifest error in the court's ruling.

## JUDGMENT AS A MATTER OF LAW

London contends that the district court mistakenly decided

factual issues that the Seventh Amendment has decreed should be decided by the jury which prejudiced him by not allowing his case to be fairly deliberated by a jury. Specifically, he argues that the court erroneously decided the issue of fact regarding the intended use of the gearbox cover and MAC's reasonable anticipation that the gearbox cover would be used as a work station.

We apply the same standard of review as the district court did in reviewing the court's grant of judgment as a matter of law in this case. *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 950 (5th Cir.1994) (citing *Crosthwait Equip. Co. v. John Deere Co.*, 992 F.2d 525, 528 (5th Cir.), *cert. denied*, --- U.S. ----, 114 S.Ct. 549, 126 L.Ed.2d 451 (1993)). We must consider all the evidence presented, with all reasonable inferences in the light most favorable to London. *Id.* The motion is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. *Id.* at 950-51. "If there is substantial evidence—that is, evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion—then the motion should have been denied." *Id.* at 951.

After reviewing the entire record, we conclude that, based on the evidence presented to the jury, a rational jury could not arrive at a contrary verdict. The Louisiana Products Liability Act of 1988 ("LPLA") establishes:

> The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.

LSA-R.S. 9:2800.54.  "Reasonably anticipated use" is defined as:

> [A] use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances.

LSA-R.S. 9:2800.53(7).  The inclusion of the phrase "reasonably anticipated use" conveys the message that the manufacturer is not responsible for accounting for every conceivable foreseeable use. *See Myers v. American Seating Company,* 637 So.2d 771, 775 (La.App. 1st Cir.), *writ denied,* 644 So.2d 631 (La.1994).  We find that although London's use of the gearbox cover as a work station may be conceivable, MAC could not reasonably anticipate its use in this fashion.  Therefore, we find that London failed to establish that MAC was liable under the LPLA.

## CONCLUSION

For the reasons articulated above, the judgment of the district court is AFFIRMED.