**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-10333
Summary Calendar
_____

RUSSELL ALLEN COLEMAN, on behalf of
Andrea Coleman, on behalf of
Christopher Coleman, Individually;
and CYNTHIA BURDINE COLEMAN, on
behalf of Andrea Coleman, on behalf
of Christopher Coleman,
Individually,

                    Plaintiffs-Appellees,

versus

GRAPEVINE, CITY OF; VERNON WRIGHT;
DONNA HAWKINS,

                    Defendants,

          and

GREGG BEWLEY; TOM MARTIN

                    Defendants-Appellants.


_____

No. 95-10385
Summary Calendar
_____

RUSSELL ALLEN COLEMAN, on behalf of
Andrea Coleman, on behalf of
Christopher Coleman, Individually;
and CYNTHIA BURDINE COLEMAN, on
behalf of Andrea Coleman, on behalf
of Christopher Coleman,
Individually,

                    Plaintiffs-Appellants,

versus

GRAPEVINE, CITY OF; GREGG BEWLEY;

                                        Defendants-Appellees,

                    and

        DONNA HAWKINS;

                                        Defendant,

                    and

        TOM MARTIN,

                                        Defendant-Appellee.
        _____

            Appeals from the United States District Court
                 for the Northern District of Texas
                          (4:94-CV-370-A)
        _____

                          May 8, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Russell Allen Coleman and Cynthia Burdine Coleman ("the
Colemans") appeal the district court's grant of judgment as a
matter of law dismissing their 42 U.S.C. § 1983 claims against the
City of Grapevine, Texas, Chief of Police Tom Martin and Officer
Gregg Bewley.  We affirm.

                                I

        Based upon allegations that the Colemans had sexually abused
a four-year-old girl, Officer Bewley sought and executed warrants
to arrest the Colemans and search their home.  After a grand jury
refused to indict them on criminal charges, the Colemans filed a

--------

[*]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

§ 1983 suit against Chief of Police Martin, Officer Bewley and the City of Grapevine, alleging a violation of their right to be free from unreasonable searches and seizures. The case advanced to trial; however, at the close of the Coleman's case, the district court granted judgment as a matter of law in favor of the City of Grapevine, Chief of Police Martin and Officer Bewley. The Colemans filed a timely notice of appeal.

The Colemans contend that the district court erred in finding that the individual Defendants were entitled to judgment as a matter of law on grounds of qualified immunity. We review the district court's grant of judgment as a matter of law *de novo*, considering all of the evidence presented, and drawing all reasonable inferences in the light most favorable to the non-movant. *London v. MAC Corp. of America*, 44 F.3d 316, 318 (5th Cir.), *cert. denied*, ___ U.S. ___, 116 S. Ct. 99, 133 L. Ed. 2d 53 (1995). Judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. *Id.*; FED. R. CIV. P. 50(a).

In assessing a claim of qualified immunity, the court must first determine whether the plaintiff has alleged the violation of a clearly established constitutional right. *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993). If so, the court must then decide whether the defendant's conduct was objectively reasonable in order to determine whether he is entitled to qualified immunity. *Id.* "There is no cause of action for false arrest under § 1983 unless

-3-

the arresting officer lacked probable cause." *Brown v. Bryan County, Okla.*, 67 F.3d 1174, 1180. (5th Cir. 1995), *petition for cert. filed*, 64 U.S.L.W. 3503 (U.S. Jan. 5, 1996) (No. 95-1100). In evaluating whether probable cause existed, we must consider the totality of the circumstances surrounding the arrest. *Id.* Officers have probable cause to arrest if, at the time of arrest, "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the arrested] had committed or was committing an offense." *Id.* (internal quotation marks omitted). Proof of probable cause requires less evidence than would be required for conviction))that is, less than proof beyond a reasonable doubt))but more evidence than a "bare suspicion." *United States v. Raborn*, 872 F.2d 589, 593 (5th Cir. 1989). "Only where the warrant application is so lacking indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." *Malley v. Briggs*, 475 U.S. 335, 344-45, 106 S. Ct. 1092, 1098, 89 L. Ed. 2d 271 (1986) (internal citation omitted).

Having reviewed the record, we conclude that the facts and circumstances, of which Chief of Police Martin and Officer Bewley had reasonably trustworthy information, were sufficient to allow a person of reasonable prudence to believe that the Colemans had committed an offense. Evidence supporting probable cause at the time Officer Bewley submitted the application for the arrest and search warrants included written statements from the four-year-

-4-

old's mother recounting her child's testimony regarding graphic details of sexual abuse.  The officers were also in possession of a videotaped interview conducted by authorities at Child Protective Services, in which the four-year-old girl described sexual abuses occurring at the Coleman's house.  We find that the evidence in the record points so strongly and overwhelmingly in favor of the existence of probable cause that a rational jury could not arrive at a contrary verdict.  Accordingly, the district court did not err by granting judgment as a matter of law in favor of the Chief of Police Martin and Officer Bewley on grounds of qualified immunity.[1]

## II

For the foregoing reasons, we AFFIRM.[2]

---

[1]     Because the police officers had probable cause, the Colemans have failed to establish that they suffered a constitutional injury.   We must therefore also affirm the grant of judgment as a matter of law with respect to the City of Grapevine. *See Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1407 (5th Cir. 1995) (holding that to maintain a § 1983 action against a municipality, plaintiff must first show an underlying constitutional violation, only then do we ask whether the city is responsible for that violation).

[2]     Appellees cross-appeal, claiming that the trial court improperly denied their motion for summary judgment.  Because we hold that the district court's judgment as a matter of law was proper, Appellees' cross-appeal is hereby dismissed as moot.