817 So.2d 458 (2002)
Janice Breaux BLANCHARD, et al.
v.
MIDLAND RISK INSURANCE, et al.
No. 01-1251.
Court of Appeal of Louisiana, Third Circuit.
May 8, 2002.
*459 R. Chadwick Edwards, Jr., Abbeville, LA, for Plaintiff/Appellant Janice Breaux Blanchard, individually and as Tutrix of the minor, Phillip C. Blanchard.
Douglas W. Rennie, Cincinnati, OH, Janice M. Reeves, Timothy J. McNamara, Lafayette, LA, for Defendant/Appellee Navistar International Transportation, Corp. (International Truck & Engine Corp.).
Michael J. Remondet, Jr., Lafayette, LA, for the Intervenor Borden, Inc.
Court composed of NED E. DOUCET, JR., Chief Judge, ULYSSES GENE THIBODEAUX and SYLVIA R. COOKS, Judges.
NED E. DOUCET, JR., Chief Judge.
The Plaintiff appeals the trial court's dismissal, pursuant to a motion for summary judgment, of their claim against Navistar International Transportation, Corp. (Navistar) based on a finding that the injury and death of Christopher Blanchard did not result from a reasonably anticipated use of Navistar's product.
On November 23, 1994, Blanchard was employed by Borden, Inc. (Borden) as a milk delivery person. On that day, Blanchard was a passenger in a milk delivery van driven by his supervisor, Hillary Touchet. The milk van had only a seat for the driver and none for any passenger. It is undisputed that the truck was ordered and delivered in this condition. Borden installed two eye bolts to which a safety harness for a standing passenger was intended to be hooked. However, there were more delivery trucks than harnesses and, on the date in question, no harnesses were available when Touchet and Blanchard began their route.
As the two traveled northwest on Highway 90 north of New Iberia, Louisiana, a vehicle driven by Scott Carney in the southeast bound lanes of Highway 90 hit an obstruction. The gas tank of Carney's vehicle ruptured and the vehicle caught on fire. Nicole Zenon was behind Carney's *460 vehicle. In trying to avoid his burning vehicle, she lost control for her car, crossed the median and hit the oncoming Borden van. The van entered the median and flipped over. Blanchard was ejected and died as a result of injuries received.
Blanchard's widow filed this suit on behalf of herself and her minor child. Named as Defendants were, among others, Navistar and American Body Company (American Body), alleging that the two were joint manufacturers of the milk delivery van and that the van was defective as defined by the Louisiana Products Liability Act.
Navistar filed a motion for summary judgment which the trial court granted, finding that no issue of fact remained but that the death of Christopher Blanchard did not result from a reasonably anticipated use of Navistar's product. The Plaintiff appeals.
On appeal, the Plaintiff argues that the trial court erred in finding that having two people in the passenger compartment of the truck was not a reasonably anticipated use of the vehicle.
The U.S. Fifth Circuit Court of Appeal thoroughly outlined the requirements for recovery under the Louisiana Products Liability Act in Kampen v. Am. Isuzu Motors, Inc., 157 F.3d 306, 309-10 (5th Cir. 1998) (footnote omitted), as follows:
The LPLA provides the "exclusive theories of liability for manufacturers for damage caused by their products" under Louisiana law. La.Rev.Stat.Ann. § 9:2800.52. Section 2800.54 of the LPLA sets forth the basic parameters for a products liability action under the Act:
The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of a product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
La.Rev.Stat.Ann. § 9:2800.54(A). The plain language of the Act shows that a plaintiff, asserting a products liability action against a manufacturer, faces a two-tiered burden: the plaintiff must show that (1) his damages were proximately caused by a characteristic of the product that renders it unreasonably dangerous, and (2) his damages arose from a reasonably anticipated use of the product. See La.Rev.Stat.Ann. § 9:2800.54(D); see also Johnson v. Black & Decker U.S., Inc., 701 So.2d 1360, 1362 (La.App. 2d Cir.1997). If a plaintiff's damages did not arise from a reasonably anticipated use of the product, then the "unreasonably dangerous" question need not be reached. See Johnson, 701 So.2d at 1366; Delphen v. Department of Transportation and Development, 657 So.2d 328, 334 (La.App. 4th Cir.1995).
A.
The LPLA defines a reasonably anticipated use as "a use or handling of the product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." La.Rev.Stat.Ann. § 9:2800.53(7). This objective inquiry requires us to ascertain what uses of its product the manufacturer should have reasonably expected at the time of manufacture. See Myers v. American Seating Co., 637 So.2d 771, 775 (La.App. 1st Cir.1994); see also John Kennedy, A Primer on the Louisiana Products Liability Act, 49 La.L.Rev. 565, 585-86 (1989) ("Kennedy"). The LPLA's "reasonably anticipated use" standard should be contrasted with the pre-LPLA "normal *461 use" standard; "normal use" included "all intended uses, as well as all reasonably foreseeable uses and misuses of the product." Hale Farms, Inc. v. American Cyanamid Co., 580 So.2d 684, 688 (La.App. 2d Cir.1991), citing Bloxom v. Bloxom, 512 So.2d 839, 843 (La. 1987). "Normal use" also included "reasonably foreseeable misuse that is contrary to the manufacturer's instructions." Hale, 580 So.2d at 688.
It is clear that by adopting the reasonably anticipated use standard, the Louisiana Legislature intended to narrow the range of product uses for which a manufacturer would be responsible. See, e.g., Delphen, 657 So.2d at 333; Myers, 637 So.2d at 775. We know that, under the LPLA, a manufacturer will not be responsible for "every conceivable foreseeable use of a product." London v. MAC Corp. of America, 44 F.3d 316 (5th Cir.1995); see also Kennedy, 49 La.L.Rev. at 586.
Examining the evidence "to ascertain what uses of its product the manufacturer should have reasonably expected at the time of manufacture," Id. at 309, we find no evidence which would support the conclusion that Navistar could have reasonably anticipated that the passenger compartment would be occupied by more than one person. It is undisputed that the product delivered by Navistar to American Body comprised the front of the van from front bumper to dash board, including the steering wheel and a flat chassis from that point back. It is also undisputed that American body attached the refrigerator unit and passenger space, providing one seat for the driver and no other seating. It is further undisputed that Borden added eye bolts to the interior of the passenger compartment, which were intended to allow the attachment of a harness to secure a standing passenger. The evidence in fact shows that the compartment was designed to be occupied by one person. Navistar could not have reasonably anticipated that the one passenger compartment would be modified to allow the attachment of restraints for a standing passenger and/or that the restraints would not then be made available. Further, the dangers of riding in a passenger compartment which provides neither seating nor restraint are open and obvious.
When the victim or a third party engages in conduct that ignores or disregards an obvious or well-known danger, this conduct is not normal use. Whitacre v. Halo Optical Products, Inc., 501 So.2d 994, 999 (La.App. 2nd Cir.1987); Savoie v. Deere & Co., 528 So.2d 724, 733 (La.App. 1st Cir.1988), writ denied, 532 So.2d 177 (La.1988), (Emphasis theirs). While the manufacturer must provide a reasonably safe product, he does not insure against conduct not in normal use. Clark v. Jesuit High School of New Orleans, 96-1307 (La. App. 4 Cir. 12/27/96), 686 So.2d 998, 1002. Hence, the injury resulting from normal or intended use of the product is just as essential in a products liability claim as the danger-in-fact of the product.
Asbestos v. Bordelon, Inc., 96-0525, p. 16 (La.App. 4 Cir. 10/21/98); 726 So.2d 926, 942 (emphasis in original).
Therefore, we find no error in the trial court's conclusion that no issue of material fact remains but that the injury and death of Christopher Blanchard did not result from a reasonably anticipated use of Navistar's product. Further, having found that the claims against Navistar have properly been dismissed, we see no need to address Navistar's motion to dismiss the intervention of Borden.
*462 As a result, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Appellant.
AFFIRMED.