| .GUIDRY, J.
Harold Lasserre, Jr. appeals from a decision rendered by the Louisiana Civil Service Commission (Commission), which denied his application for review. Finding that the Commission’s decision was arbitrary and capricious, we reverse.
FACTS AND PROCEDURAL HISTORY
Mr. Lasserre was employed with the Louisiana Public Service Commission (PSC) as a Specialist Supervisor. On June 2-5, 2002, Mr. Lasserre attended a conference in Destín, Florida and charged certain expenses to his American Express Corporate credit card. Upon his return, Mr. Lasserre submitted a travel expense account requesting reimbursement for three nights stay at the Hilton Sandestin Resort, as well as other related expenses. The PSC issued reimbursement to Mr. Lasserre on June 13, 2002.[1]
On June 25, 2002, Mr. Lasserre wrote a letter to Hilton Hotels Corporation com *476 plaining about his room accommodations during the June Conference. In particular, Mr. Lasserre was dissatisfied with the fact that the air conditioning did not work in his room during two nights of his stay and the fact that there was no safe in his room as had been represented. However, at no point did Mr. Lasserre request any kind of refund or compensation. In response to Mr. Lasserre’s letter, Hilton Hotels Corporation issued a credit on July 9, 2002, to Mr. Lasserre’s American Express Corporate credit card, refunding the amount charged for the hotel room for two nights.
On April 11, 2003, the PSC issued a pre-termination letter to Mr. Lasserre for his failure to refund to the PSC a $407.00 overpayment of reimbursement, representing the amount credited by the hotel for two nights room charges. In this letter, the PSC alleged that Mr. Lasserre had violated State of Louisiana Travel 13Policy S1503(C)(5), involving falsification of expense reports, with regard to his request for reimbursement of expenses, a portion of which were refunded to him by the Hilton Hotel Corporation. Further, the notice indicated that such conduct might be considered fraudulent, dishonest, and possibly criminal.
On May 5, 2003, the PSC notified Mr. Lasserre, following a review of his response to the allegations, that he was being terminated effective 4:30 p.m. on May 11, 2003. Thereafter, on May 14, 2003, Mr. Lasserre filed an appeal with the Commission. A hearing before a Commission referee was held on August 6 and 7 and September 4, 2003. On October 20, 2003, the Commission referee issued a decision, denying Mr. Lasserre’s appeal and specifically finding that the PSC proved cause for discipline and that the penalty imposed, termination, was commensurate with the offense. On November 4, 2003, Mr. Lasserre filed an application for review of the referee’s decision with the Commission, which was denied. This appeal followed.
ASSIGNMENTS OF ERROR
Mr. Lasserre appeals from the Commission’s decision and asserts the following assignments of error:
1. The referee committed reversible error in upholding Harold Las-serre’s termination on grounds of dishonesty when there was no finding that Harold Lasserre acted intentionally in failing to timely reimburse refunded travel expenses or “discomfort damages” to the Public Service Commission.
2. The referee committed reversible error in upholding Harold Las-serre’s termination on grounds of dishonesty for failure to timely reimburse a refunded travel expense to the Public Service Commission when the Commission admittedly had no policy or procedural guidelines governing the reimbursement of refunded travel expenses and Harold Las-serre’s supervisors testified that they would have pursued the same course of conduct that Lasserre pursued if they had been confronted with the same situation.
3. The referee committed reversible error in upholding Harold Las-serre’s termination when other employees had engaged in the same or substantially similar conduct as that attributed to Harold Lasserre and not been terminated and in some cases not even reprimanded.
_Jj4. The referee committed reversible error in implicitly holding that the Public Service Commission was entitled to reimbursement of travel expenses that were gratuitously re *477 funded to Harold Lasserre by the hotel at which he stayed because the air conditioning did not work.
5. The referee committed reversible error in upholding Harold Las-serre’s termination on grounds of dishonesty when the “Loudermill” letter by which he was notified of his rights did not specify dishonesty as the reason for termination.
6. The referee committed reversible error in upholding Harold Las-serre’s termination on grounds of dishonesty when there was not a sufficient factual basis to find that Harold Lasserre engaged in dishonest conduct that impaired the efficiency of the Public Service Commission and bore a real and substantial relation to the efficient operation of the Public Service Commission.
7. The referee committed reversible error in failing to reopen the hearing to consider newly acquired evidence strongly suggesting that one or more witnesses provided material testimony during the original hearing that was false and/or misleading.
DISCUSSION
Generally, decisions of Commission referees are subject to the same standard of review as decisions of the Commission itself. Decisions of the Commission are subject to the same standard of review as a decision of a district court. Usun v. LSU Health Sciences Center Medical Center of Louisiana at New Orleans, 02-0295, p. 4 (La.App. 1st Cir.2/14/03), 845 So.2d 491, 494. When reviewing the Commission’s findings of fact, the appellate court is required to apply the manifestly erroneous or clearly wrong standard of review. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647. However, in evaluating the Commission’s determination as to whether the disciplinary action taken by the appointing authority is based on legal cause and commensurate with the infraction, the reviewing court should not modify or reverse the Commission’s order unless it is arbitrary, capricious, or characterized by an abuse of discretion. Usun, 02-0295 at p. 4, 845 So.2d at 494. The word “arbitrary” implies a disregard of evidence or of the proper weight thereof. A conclusion is “capricious” when there is no substantial evidence to support it or the|sconclusion is contrary to substantiated competent evidence. Burst v. Board of Commissioners, Port of New Orleans, 93-2069, p. 5 (La. App. 1st Cir.10/7/94), 646 So.2d 955, 958, writ not considered, 95-0265 (La.3/24/95), 651 So.2d 284.
Employees with permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const, art. 10, § 8. “Cause” exists when the employee’s conduct is detrimental to the efficient and orderly operation of the public service that employed him. Stated differently, disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. Bannister, 95-0404 at p. 8, 666 So.2d at 647 (emphasis added). The appointing authority has the obligation to prove that the conduct did in fact impair the efficiency and orderly operation of the public service. Thornton v. DHHR, 394 So.2d 1269, 1271 (La.App. 1st Cir.1981).
In the instant case, we find from our review of the record that the determination by the Commission referee that the PSC proved cause for discipline is arbitrary and capricious. In her decision, the Commission referee stated that “[djishon- *478 esty is cause for dismissal and cited Board of Trustees, State Employees Group Benefits Program v. Moncrieffe, 93-1393 (La.App. 1st Cir.10/7/94), 644 So.2d 679. In Moncrieffe, an employee was terminated from his position as an Accounting Specialist with Group Benefits because he falsified his employment application. In particular, Moncrieffe answered “No” on a pre-employment application in response to the question “Have you ever been removed from a position or resigned to avoid removal/disciplinary action?” In fact, Moncrieffe was previously separated from state service for falsification of work' records. Moncrieffe, 93-1393 at p. 5, 644 So.2d at 680-681. At the Commission hearing, Moncrieffe’s manager explained that his staff is ■ responsible for establishing | ^eligibility for plan members and that a person with a history of falsifying records could easily undermine the integrity of the records to the detriment of both the agency and the employees the plan is intended to serve. Civil Service Rule 14.1(j) provided in part that “[n]o person shall make any false statement ... with regard to any application for employment.” This court found that “[s]tating an untruth in answering a material and important Department of Civil Service query, even if only negligently done, bears a real and substantial relation to an employee’s qualifications for public work requiring reliability and trustworthiness.” We further determined that Group Benefits acted reasonably in terminating Moncrieffe’s employment for conduct, which bore a substantial relation to the efficient operation of the agency. Moncrieffe, 93-1393 at pp. 3-4, 644 So.2d at 681.
However, Moncrieffe does not stand for the Commission referee’s broad proposition that “dishonesty is cause for dismissal.” Further, the facts of the instant case differ significantly from those found in Moncrieffe. In the instant case, there is no evidence that Mr. Lasserre violated any rule or policy regarding falsification of documents, nor that he otherwise stated an untruth in answering a material and important Civil Service query. The PSC alleged in its Loudermill letter, and throughout these proceedings, that Mr. Lasserre submitted a falsified expense report in violation of State of Louisiana travel policy S1503(C)(5). However, the Commission referee did not make a finding on this issue and our review of the travel policy does not show that it applies to this situation.
Travel policy S1503(C)(5), relating to claims for reimbursement, states:
Any person who submits a claim pursuant to these regulations and who willfully makes and subscribes to any claim which he/she does not believe to be true and correct as to every material matter ... shall be guilty of official misconduct. Whoever shall receive an allowance or reimbursement by means of a false claim shall be subject to severe disciplinary action as well as being criminally and civilly liable within the provisions of state law.
|7When Mr. Lasserre submitted his expense report and received reimbursement from the PSC in early June, he had not yet written to Hilton Hotel Corporation nor had he received the $407.00 refund. Therefore, when he submitted his claim for reimbursement, it was true and correct[2] *479 and therefore in compliance with the state travel policy.
The PSC argues that upon receipt of the refund, the already filed and disbursed reimbursement request became false in accordance with the above quoted policy, and Mr. Lasserre was. therefore required to submit a revised expense report. However, neither the above quoted policy, nor any other policy, rule, or regulation, states this proposition or requires Mr. Lasserre to submit a revised report. Because the travel policy authorizes the imposition of a penalty, being severe disciplinary action and civil and criminal liability, it must be strictly construed. As such, a court cannot extend the policy to cover situations, which are not expressly authorized by the letter of the law even if such situations would arguably be within its spirit. See Gibbs v. State, Department of Labor, 540 So.2d 268, 269 (La.1989). Therefore, despite the fact that Mr. Las-serre should have directed the hotel’s refund to the PSC, the travel'policy does not squarely address this particular situation and we are constrained by the plain letter of the law. Based on the foregoing factual distinctions, we find Moncriejfe is neither controlling nor applicable to the instant case.
Additionally, we find from our review of the record that the PSC did not otherwise establish that Mr. Lasserre’s conduct was detrimental to the efficient and orderly operation of the PSC. Mr. Lasserre’s conduct was clearly inappropriate, failing to pay the $407.00 refund for over ten months even after finding out the Improper procedure by which to return the money to the PSC.[3] However, that fact alone is not sufficient for the PSC to meet its burden of proof. The PSC did not present any evidence that it was financially impaired as a result of Mr. Lasserre’s failure to repay the $407.00. Additionally, the PSC did not present any evidence that Mr. Lasserre’s conduct was otherwise detrimental to its efficient and orderly operation. Lawrence St. Blanc, Secretary of the LPSC, testified that “we have to have trust in our people” and that “we do a lot of proprietary stuff and we felt that — we lost a lot of trust in a person who could deceive us that way.” Additionally, Mr. St. Blanc testified that confidential information, if disclosed, could hurt the industry and ratepayers, and could also have independent economic value. Karen Juban, the PSC Human Resources Director, testified that Mr. Las-serre dealt with “confidential proprietary information that can affect millions of dollars.” She also stated that she was “looking at the long range ramifications of what he could do to us” and “you have to know your employees are trustworthy.”
We accept the fact that the PSC must be able to trust its employees with confidential information. However, this is not a situation where Mr. Lasserre’s alleged improper conduct related to his handling of confidential information. Further, these few comments do not establish that failing to disclose and pay a $407.00 refund owed to the PSC bears a real and substantial relationship to Mr. Lasserre’s job function or responsibilities in the handling of such proprietary and confidential information or otherwise bears a real and substantial relationship to the efficient and orderly operation of the PSC. To only allege generally that a job requires trustworthiness because of the handling of confidential information, and that the employee was no *480 longer trustworthy, without a specific showing as to how the employee’s particular improper conduct bears a real and substantial | ¡^relationship to the efficient and orderly operation of the agency is not sufficient to carry the PSC’s burden • of proof.[4]
The PSC further attempts to assert on appeal that Mr. Lasserre’s conduct impaired the efficient operation of the PSC because he was a supervisor, indicating to his subordinate that it was okay to steal from the state. However, even if Mr. Las-serre told his subordinate that he was “getting one over” on the PSC as is alleged, he did not encourage or otherwise tell her to engage in such conduct, and by his very words implied that such conduct was improper. Further, the subordinate obviously realized such conduct was inappropriate, as demonstrated by the fact that she was instrumental in the PSC ultimately finding out about the $407.00 refund. We simply cannot conclude that this evidence establishes that the efficient operation of the PSC was or would be impaired.
CONCLUSION
For the foregoing reasons, we find that the Civil Service Commission erred in denying Mr. Lasserre’s appeal and upholding the action taken by the PSC. Therefore, we reverse the Commission’s decision and render judgment in favor of Mr. Lasserre, reinstating him to his former position and awarding him back pay from May 11, 2003. All costs of this appeal in the amount of $1,924.00 are to be borne by the appellee, Louisiana Public Service Commission.
REVERSED AND RENDERED.
McCLENDON, J., dissents and assigns reasons.

. The expense account was corrected by Janice Johnson, the PSC accounting specialist responsible for handling reimbursements, to reflect that payment for one night had already been advanced to the Hilton as a deposit. Ms. Johnson also made corrections to the amounts requested for parking and meals to reflect the maximum amount allowable.

. We mentioned previously that Ms. Johnson made several corrections to Mr. Lasserre's expense report. However, the PSC only asserted that Mr. Lasserre violated the travel policy by failing to report the $407.00 refunded by the Hilton Hotel. Therefore, for our purposes on appeal, we assume the remainder of the report was correct.

. The record shows that sometime in August of 2002 Mr. Lasserre spoke with Janice Johnson, not specifically about this refund, but about refunds generally, and was told by her that obtaining refunds was between the employee and the other entity and that employees would bring her a check, or it could be handled with a personal check.

. Because we find that the PSC did not carry its burden in establishing cause for Mr. Las-serre’s dismissal, we pretermit discussion of Mr. Lasserre's remaining assignment of error.