# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 10-0021

**ROBBIE PAYNE, ET AL.**

**VERSUS**

**BRETT GARDNER, ET AL.**

### CONSOLIDATED WITH

### 10-0022

**ROBBIE PAYNE, ET AL.**

**VERSUS**

**BRETT GARDNER, ET AL.**

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 220,119 C/W 224,704
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Sylvia R. Cooks, Jimmie C. Peters, Marc T. Amy, Billy H. Ezell, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**Amy, J., dissents and assigns written reasons.**

**Cooks, J., dissents for the reasons assigned by Judge Amy.**

**Michael C. Palmintier**
**Degravelles, Palmintier, Holthaus**
**& Frugé, L.L.P.**
**618 Main Street**
**Baton Rouge, LA 70801**
**(225) 344-3735**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Robbie Payne, individually and as natural tutrix of Henry Goudeau, Jr.**

**Albin A. Provosty**
**John D. Ryland**
**Provosty, Sadler, deLaunay,**
**Fiorenza & Sobel**
**Post Office Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lufkin Industries, Inc.**

PETERS, J.

Robbie Payne, individually and as tutrix of her minor son, Henry Goudeau, Jr., appeals the trial court's grant of summary judgment in favor of Lufkin Industries, Inc., dismissing her claim for damages against that particular defendant. For the following reasons, we reverse the grant of summary judgment and remand the case for further proceedings.

**DISCUSSION OF THE RECORD**

This litigation arises from an accident that occurred in rural Rapides Parish on March 9, 2004. On that day, thirteen-year-old Henry Goudeau, Jr. (Henry) sustained injuries when he climbed onto the moving pendulum of an oil well pump (sometimes referred to as the "pumping unit") and attempted to "ride" the pendulum. When he climbed on the moving pendulum, his pants became entangled in other parts of the pump and, as the pendulum continued to move upward, he sustained severe personal injuries. The well to which the pumping unit was attached is identified as Tarver A-2 and is located on forty acres of undeveloped property.

Ms. Payne initially filed suits to recover the damages she and her son sustained in both East Baton Rouge Parish and Rapides Parish and named Lufkin Industries, Inc. (Lufkin Industries), among others, as a defendant in both suits. The East Baton Rouge Parish suit was eventually transferred to Rapides Parish pursuant to a grant of an exception of improper venue and was consolidated with the Rapides Parish suit. Thereafter, on December 16, 2008, Lufkin Industries filed the motion for summary judgment that is now before us.

In support of its motion, Lufkin Industries filed a Statement of Undisputed Material Facts as well as copies of the depositions of Henry; Jon Rand Tarver, the co-owner of the limited liability company that owns the pumping unit; and Brett

Gardner, a gauger for Tarver A-2. In opposition to the motion, Ms. Payne filed copies of the same three depositions; copies of her own deposition and that of Maurine T. Noone, the owner of the land where the well is located; and a photograph of the oil well pump on which Henry was injured. In addition, the plaintiffs submitted to the trial court cases from California, Texas, and Oklahoma in which children had been injured while attempting to "ride" on an oil well pumping unit: *Titus v. Bethlehem Steel Corp.*, 91 Cal.App. 3d 372, 154 Cal. Rptr. 122 (Cal.App. 2d Dist. 1979), *Burk Royalty Co. v. Pace*, 620 S.W. 2d 882 (Tx.App. 12th Dist. 1981), *Knowles v. Tripledee Drilling Co., Inc.*, 1989 OK 40, 771 P.2d 208 (1989).

The Statement of Undisputed Material Facts filed by Lufkin Industries establishes the following:

1. LUFKIN is the manufacturer of the oil jack pump subject to this litigation.

2. On or about March 9, 2004, Henry Goudeau, Jr. was seriously injured when he attempted to ride the pump.

3. LUFKIN manufactured the pump for the sole purpose of extracting oil from the ground.

4. LUFKIN never intended for anyone to ride the pump.

5. Henry Goudeau, Jr. would not have gone near the pump had his mother been with him.

The other filings in support of, and in opposition to, the summary judgment establish that there is little dispute over most of the remaining facts surrounding the accident. Tarver A-2 was drilled sometime prior to 1990, and the pump at issue was manufactured by Lufkin Industries some fifty years before Henry's injury. At the time of the accident, the pump was owned by CABA, L.L.C., a limited liability

company owned by Jon Rand Tarver and his mother, Connie Tarver.[1]  Ms. Noone, who was ninety-two years of age when her deposition was taken in May of 2008, inherited the property upon which Tarver A-2 is located from her father.  The property is a wooded area and the well itself bears no warning signs and is not fenced.

The evidence also establishes that Ms. Payne and Henry moved to the rural area where the Noone property is located in early 2004, or only a short time before the March 9, 2004 accident.  At the time of the accident, thirteen-year-old Henry was in the sixth grade, and was receiving special education in math and reading because he suffers from an attention deficit hyperactivity disorder and dyslexia.

On the day of the accident, Henry and three other boys were walking through the woods when they came upon the Tarver A-2 well.  Before that day, Henry had only seen pumping oil wells from a vehicle as he rode by them.  One of the other boys attempted to "ride" the oil well pump before Henry, but the boy's legs were too short. When Henry made his attempt to ride the pumping unit, the accident occurred.

In the memorandum accompanying its motion for summary judgment, Lufkin Industries asserted that it

> is not liable for plaintiff's injuries because Lufkin did not "anticipate" at the time it designed and manufactured the product in the 1950s that it would be "used" for the recreational purpose - "riding"- by persons, including teenagers.

Ms. Payne argued in opposition to the motion that there existed a foreseeable risk that children would attempt to play on the oil well pump.

Following the July 27, 2009 hearing on the motion, the trial court granted Lufkin Industries the relief it prayed for and dismissed it from the litigation.  Ms. Payne perfected this appeal, asserting four assignments of error.

---

[1]Mrs. Tarver's husband was the individual responsible for drilling the initial well.

**OPINION**

In her first and fourth assignments of error, Ms. Payne asserts that the trial court erred in granting the motion for summary judgment, arguing that there are genuine issues of material fact concerning what constitutes the "reasonably anticipated use" of an oil well pump.[2]

The motion for summary judgment is a procedural device to avoid a trial on the merits when there is no genuine issue of material fact. *Kay v. Carter*, 150 So.2d 27 (La.1963). Summary judgment procedure is "designed to secure the just, speedy, and inexpensive determination of every action," except certain domestic actions; the procedure is favored and shall be construed to accomplish those ends. La.Code Civ.P. art. 966(A)(2); *Racine v. Moon's Towing*, 01-2837 (La. 5/14/02), 817 So.2d 21. Appellate review of a summary judgment is *de novo*, applying the same standard as the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. The movant has the burden of proof on the motion for summary judgment. La.Code Civ.P. art. 966(C)(2).

---

[2]On appeal, Ms. Payne asserts four assignments of error:

1) The trial court erred in failing to find that Henry's conduct concerning the Lufkin pumping unit is a reasonably anticipated use for a 13 year old boy.

2) The trial court erred in failing to find the Lufkin pumping unit an attractive nuisance under Louisiana jurisprudence.

3) The trial court erred in failing to find that the Lufkin design of the pumping unit in question is inherently dangerous and, therefore, lacked the appropriate safety guards and warnings to justify its sale and use by the public at large.

4) The trial court erred in failing to find material issues of fact existed that precluded the granting of Lufkin's Motion for Summary Judgment.

The second and third assignments of error are easily disposed of as having no merit. The doctrine of attractive nuisance applies to suits against owners or possessors of land. *Saxton v. Plum Orchards*, 40 So.2d 791 (La.1949). Ms. Payne cannot avail herself of this cause of action to avoid the exclusive remedy afforded a plaintiff against a manufacturer under the LPLA. With regard to the absence of safety guards and warnings, that issue was not the subject of Lufkin Industries' motion for summary judgment, was not addressed by the trial court, and is not now before this court.

4

However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Id.*

The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

A "genuine issue" is a "triable issue." *Toups v. Hawkins*, 518 So.2d 1077, 1079 (La.App. 5th Cir. 1987) (citing *Brown* [*v. B & G Crane Service, Inc.,* 172 So.2d 708, 710 (La.App. 4 Cir. 1965)]). More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 481 (1983). In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Simon v. Fasig-Tipton Co. of New York*, 524 So.2d 788, 791 (La.App. 3d Cir.), *writs denied*, 525 So.2d 1048, 1049 (La.1988); *Pace v. Zilka*, 484 So.2d 771 (La.App. 1st Cir.), *writ denied*, 488 So.2d 691 (La.1986); *Mecom v. Mobil Oil Corp.*, 299 So.2d 380, 386 (La.App. 3d Cir.),*writ denied*, 302 So.2d 308 (La.1974). "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact." *Brown*, 172 So.2d at 710; *Sally Beauty Co. v. Barney*, 442 So.2d 820, 822 (La.App. 4th Cir.1983).

A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Penalber v. Blount*, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *South Louisiana Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3d Cir.1991), *writs denied*, 596 So.2d 211 (La.1992). Simply

5

put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Sassone v. Elder*, 626 So.2d 345, 352 (La.1993); *Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co.*, 427 So.2d 1152, 1153-54 (La.1983) (collecting cases); *McCoy v. Physicians & Surgeons Hospital, Inc.*, 452 So.2d 308, 310 (La.App. 2d Cir.)*,writ denied*, 457 So.2d 1194 (La.1984) (noting that "[s]ummary judgment may not be used as a substitute for trial").

*Smith*, 639 So.2d at 751.

In determining whether a fact is material, the court must consider the substantive law governing the litigation. *Davenport v. Albertson's, Inc.*, 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied*, 01-73 (La. 3/23/01), 788 So.2d 427.

The substantive law governing this litigation, which provides Ms. Payne's exclusive remedy against Lufkin Industries, is La.R.S. 9:2800.1 *et seq.*, the Louisiana Products Liability Act (LPLA). Under the LPLA, the manufacturer's responsibility to a party injured by its product is set forth in La.R.S. 9:2800.54(A), which provides:

> The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.

Louisiana Revised Statutes 9:2800.54(B) provides that a product can only be unreasonably dangerous in construction, or composition [La.R.S. 9:2800.54(B)(1)], in design [La.R.S. 9:2800.54(B)(2)], when not provided with adequate warnings [La.R.S. 9:2800.54(B)(3)] or when it does not conform to an express warranty [La.R.S. 9:2800.54(B)(4)].

Lufkin Industries did not address whether or not its product was unreasonably dangerous as defined in La.R.S. 9:2800.54(B). Instead, it based its motion for summary judgment on the argument that, regardless of the nature of its product,

6

riding the pendulum was not a "reasonably anticipated use" of the oil well pump. Lufkin Industries supported this position by the assertion in its Statement of Undisputed Material Facts that it manufactured the pumping unit for the sole purpose of extracting oil from the ground, and that it never intended for anyone to "ride" it; and by the deposition testimony of Mr. Tarver, who stated that oil well pumps are made for work, and not for riding. With that evidence, Lufkin Industries satisfied its burden of pointing out to the court that there was an absence for factual support for a finding that Henry's accident arose from a reasonably anticipated use of the pumping unit. La.Code Civ.P. art. 966(C)(2).

The burden shifted to Ms. Payne to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial. La.Code Civ.P. art. 966(C)(2); *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. At trial, Ms. Payne's first burden of proof under La.R.S. 9:2800.54 would be to establish by a preponderance of the evidence that Henry's injury arose from a reasonably anticipated use of the pumping unit. Under the LPLA, "'[r]easonably anticipated use' means a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." La.R.S. 9:2800.53(7). This is an objective inquiry, which requires the court "to ascertain what uses of its product the manufacturer should have reasonably expected at the time of manufacture." *Blanchard v. Midland Risk Ins.*, 01-1251, p. 3 (La.App. 3 Cir. 5/8/02), 817 So.2d 458, 460, *writs denied*, 02-1517, 1594 (La. 9/20/02), 825 So.2d 1178, 1181. This court has recognized that, under the LPLA, a manufacturer is not responsible for every conceivable foreseeable use of its product. *Id*.

7

To demonstrate that attempts to "ride" the pumping unit are a use of the product that Lufkin Industries should have reasonably expected at the time that it manufactured the pumping unit, Ms. Payne presented Mr. Gardner's deposition testimony that he had heard of a fatal accident in the Shreveport, Louisiana area involving teenagers attempting to "ride" a pumping unit and introduced evidence of three cases in other states—California, Oklahoma, and Texas—where children had been injured while "riding" a pumping unit. In assessing the evidence thus presented, the court cannot make determinations on the merits of the case, evaluate the weight of the evidence, nor make credibility calls, but must draw from the undisputed facts those inferences that are most favorable to the party *opposing* the motion for summary judgment – here Ms. Payne. *See Ind. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181 (La. 2/29/00), 755 So.2d 226.

Here, although the evidence presented by both parties was scanty, there was conflicting evidence on whether an attempt to "ride" the pumping unit is a use or handling of the pumping unit that Lufkin Industries should reasonably expect of an ordinary person in the same or similar circumstances. After a *de novo* review of the record, we cannot conclude that the scintilla of direct evidence presented by Ms. Payne was insufficient to allow a reasonable juror to conclude that Lufkin Industries should have expected an ordinary person in the same or similar circumstances to use or handle the pumping unit in this way. *See Ind. Fire Ins. Co.*, 755 So.2d 226 and *Latiolais v. Teachers' Ret. Sys. of La.*, 08-1792 (La.App. 1 Cir. 8/24/09), 22 So.3d 948, *writ granted* 09-2081 (La. 1/8/10), 24 So.3d 872.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's grant of summary judgment and remand for further proceedings.  We assess all costs of this appeal to Lufkin Industries, Inc.

**REVERSED AND REMANDED.**

NUMBER 10-0021

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

ROBBIE PAYNE, ET AL.

VERSUS

BRETT GARDNER, ET AL.

CONSOLIDATED WITH

NUMBER 10-0022

ROBBIE PAYNE, ET AL.

VERSUS

BRETT GARDNER, ET AL.

AMY, J., dissenting.

In my opinion, an affirmation is warranted as I find that the evidence submitted demonstrates an absence of genuine issues of material fact with regard to whether an attempt to "ride" the pump was a reasonably anticipated use pursuant to La.R.S. 9:2800.54(A).

It seems to me that the plaintiffs focus on the state of the products liability law as it existed before the 1988 enactment of the Louisiana Products Liability Act, now the exclusive remedy against manufacturers for an allegedly defective product. The pre-LPLA law included a "normal use" standard, which included all intended uses of a product, including all reasonably foreseeable uses and misuses. *Blanchard v. Midland Risk Ins.*, 01-1251 (La.App. 3 Cir. 5/8/02), 817 So.2d 458, *writ denied*, 02-1517 (La. 9/20/02), 825 So.2d 1178, *writ denied*, 02-1594 (La. 9/20/02), 825 So.2d 1181. As the majority points out, the LPLA does not hold a manufacturer responsible for all foreseeable uses of a product. *Id.* Instead, a manufacturer is liable for uses it

should reasonably expect of an ordinary consumer. *Butz v. Lynch*, 99-1070 (La.App. 1 Cir. 6/23/00), 762 So.2d 1214, *writ denied*, 00-2660 (La. 11/17/00), 774 So.2d 980. *See also Daigle v. Audi of America, Inc.*, 598 So.2d 1304 (La.App. 3 Cir.) (quoting John Kennedy, *A Primer on the Louisiana Products Liability Act*, 49 La. L. Rev. 565 (1989)), *writ denied*, 604 So.2d 1306 (La.1992).

In light of the LPLA standard and upon review of the record, I find no evidence indicating that this accident occurred pursuant to a use reasonably expected of an ordinary consumer. Further, and even assuming the misuse in this case could be considered a use as encompassed by the applicable statute, I find no evidence that it should have been reasonably anticipated at the time the pump was manufactured in the early 1950s. The jurisprudence relied on by the plaintiffs involved occurrences well after that date. Also, that jurisprudence involved attractive nuisance claims and not ones controlled by the LPLA, which I believe to be the law applicable to this case.

Because I would affirm the trial court's judgment, I respectfully dissent.