| lYELVERTON, Judge.
ISSUE
We must decide if the lower court correctly overruled a church Pastor’s exception of subject matter jurisdiction to dismiss a mandamus action filed by church members requesting examination of church records. For the reasons below, we affirm.
IzFACTS
The facts are brief and uncomplicated. Frank Jefferson, Mark Mitchell, Solomon *603 Cannon, and Veronica Woodard (plaintiffs) filed a petition for a writ of mandamus that would allow them to examine the books and records of New Sunlight Baptist Church in Lake Charles. Named as defendants were Rev. J.L. Franklin, pastor of the church, and A.J. Cains, Chairman of the Board of Deacons (collectively, the Pastor). In the petition the Plaintiffs claimed that they are members of New Sunlight Baptist Church and that this church is “a Louisiana nonprofit corporation domiciled in Calcasieu Parish.” They based their right to the examination upon La.R.S. 12:223(0, a provision of Louisiana’s Nonprofit Corporation Law.
The plaintiffs alleged that, prior to filing the petition on July 23,1996, they had unsuccessfully requested an examination of various church records which included the following: (1) bank statements from 1994; (2) check register and canceled checks for all the church’s bank accounts from 1994; (3) cash receipts journal from 1994; and (4) monthly financial reports from 1994 as well as reports of church assets/liabilities. The suit alleges that on July 10,1996, a few days before suit was filed, plaintiffs’ attorney sent a letter to the Pastor formally demanding an examination. However, the Pastor denied the examination via a letter dated July 15, 1996. Plaintiffs attached both letters, their demand letter and the Pastor’s denial, to their petition.
In accordance with La.Code Civ.P. art. 3865, the trial judge ordered the issuance of an alternative writ of mandamus and directed the Pastor to allow plaintiffs’ examination or else to show cause. The Pastor then filed a declinatory exception of lack of subject matter jurisdiction. In his memorandum in support of the exception, the 13Pastor essentially argued that the court’s order interfered with internal church governance and, thus, violated the constitutionally mandated separation of church and state. The pastor argued that for this reason the court lacked jurisdiction over the subject matter of this action.
After conducting a hearing, the trial judge rendered a judgment overruling the Pastor’s exception and ordered that the alternative writ of mandamus be made peremptory in accordance with La.Code Civ.P. art. 3866.
OPINION
The issue is whether the court’s writ, directing the Pastor to allow examination of church records, violated U.S.Const. Amend. I and La.Const. art. I, Section 4. We conclude that no constitutional provision was violated by issuance of the writ; hence, the court correctly exercised its jurisdiction over the subject matter of this mandamus action.
Plaintiffs’ assert their right to review the church records under La.R.S. 12:223(C) which reads as follows:
C. Every shareholder and voting member may examine in person, or by agent or attorney, at any reasonable time, the records of the corporation [Louisiana Nonprofit Corporation] listed in subsection A of this section.
Before discussing the constitutional issue, we note that plaintiffs’ petition explicitly states that they are members of the church and that the church is a Louisiana non-profit corporation; hence, they allege the two requirements for invoking La.R.S. 12:223(C). We further note that the Pastor has not denied that the plaintiffs are members of the church. Nor has he denied the church’s incorporation in accordance with the Louisiana |4Nonprofit Corporation Law. The Pastor’s attorney has asserted only one exception for the court’s lack of subject matter jurisdiction and, in support of that sole exception, has advanced a specious argument that the church is not a corporation because it acts more like a church than a corporation. We find no merit in this argument and move on to the constitutional issue.
In Bourgeois v. Landrum, 396 So.2d 1275 (La.1981), the supreme court settled the issue of a court’s subject matter jurisdiction when ordering a church to allow examination of financial records pursuant to the above statute. The Bourgeois court, confronted with a factual situation similar to the present case, clearly held that judicial enforcement of La.R.S. 12:223(C) is not violative of the constitution:
A voting member of a non-profit corporation has a right to examine the records of the corporation without stating reasons for *604 his inspection. Since the judicial enforcement of this right does not entangle civil courts in questions of religious doctrine, polity or practice, the First Amendment does not bar a suit to implement the statutory right.
[[Image here]]
First Amendment values are plainly not jeopardized by a civil court’s enforcement of a voting member’s right to examine these records. Cf. Synanon Foundation, Inc. v. California, 444 U.S. 1307, 100 S.Ct. 496, 62 L.Ed.2d 454 (Rehnquist, J. in chambers). No dispute arising in the course of the litigation requires the court to resolve an underlying controversy over religious doctrine. Bourgeois, 396 So.2d at 1276, 1277-1278.
Likewise, in the case now before us, there is no entanglement in questions of church doctrine. The trial court, when it issued the writ, was not deciding or even delving into the underlying religious dispute, if any. The court was simply enforcing the members’ right to examine financial records, whatever the members’ reasons or the | sinerit of their complaints. Because no constitutional provisions are violated by the writ of mandamus, we conclude that the lower court did indeed have subject matter jurisdiction and properly overruled the Pastor’s exception.
We affirm the judgment at appellants’ costs.
Affirmed.