GASKINS, J.
 

 hThe plaintiffs appeal a trial court ruling granting summary judgment in favor of the defendant church and its pastor, who was accused of financial improprieties by a group of church members. We affirm the trial court judgment.
 

 FACTS
 

 T. Alexander Knapp is the pastor of the Mount Calm Baptist Church of Min-den, Louisiana, a nonprofit religious corporation. In January 2008, four persons claiming to be church members — Johnny Baker, Essie Calaway, James Odis Millner, and Zona Winston — filed suit against Knapp. They alleged that Knapp, and others designated by him as officers or deacons of the church, had failed to comply with Louisiana law regulating nonprofit corporations and that these actions had deprived the plaintiffs of the “benefits which membership in and to a place of worship should afford.” The allegations against Knapp included failing to maintain records of membership and finances, failing to allow examination of such records, failing to distribute financial reports to the congregation, committing
 
 ultra vires
 
 acts purporting to adopt bylaws and to disenfranchise members -without membership concurrences, and committing “other acts which cannot be ascertained until discovery is completed.” The plaintiffs asserted in their petition that they were acting on behalf of themselves and other members to determine the existence and accuracy of all corporate records required to be maintained by the church, as well as the financial condition and legal status of the church. They propounded interrogatories to Knapp as to the church’s financial records.
 

 li>On May 6, 2008, a first supplemental and amending petition was filed in which the church was added as a party defendant and the plaintiffs requested the appointment of a receiver pursuant to La. R.S. 12:258(A)(1) and (2) to temporarily oversee financial and membership affairs of the
 
 *1046
 
 church. The plaintiffs also asserted that Knapp was not a member of the church; that no elections of church officers had been conducted within “recent memory”; and that Knapp has assumed complete control of the church’s assets. On July 25, 2008, a second supplemental and amending petition was filed, adding 23 new plaintiffs and alleging additional failures by Knapp.
 

 In the meantime, Knapp filed dilatory, declinatory and peremptory exceptions. They were originally set for hearing on May 13, 2008, but were passed to July 29, 2008, by agreement. On May 13, 2008, the trial court ordered that the church records be made available to the plaintiffs and their attorney on May 28, 2008. That meeting was held in the fellowship hall of the church; it was attended by Knapp, the original plaintiffs, counsel for both sides, a certified public accountant retained by the plaintiffs, and some church deacons. The church’s financial records were displayed on a table.
 

 Following a hearing on July 29, 2008, at which Knapp testified, the trial court ruled on Knapp’s exceptions. The dilatory exception of prematurity was referred to the merits. The peremptory exception of no right of action as to Johnny Baker was granted; all claims by Baker were dismissed with prejudice.
 
 [1]
 
 The dilatory exception of lack of procedural Incapacity as to all plaintiffs purporting to file suit on behalf of the church was granted; however, the claims of Calaway, Millner and Winston were allowed to proceed in their individual capacities as members. The peremptory exception of no cause of action and the declinatory exception of lack of subject matter jurisdiction were denied. Judgment in conformity with the court’s ruling was signed on October 14, 2008.
 

 In March 2009, Knapp and the church answered the plaintiffs’ interrogatories, citing La. C.C.P. art. 1460
 
 [2]
 
 and the May 2008 meeting at which the plaintiffs were given an opportunity to inspect and copy the requested information. The defendants also filed an answer and a motion for summary judgment.
 

 In support of their motion for summary judgment, the defendants submitted an affidavit by Knapp, in which he attested to the circumstances surrounding the opportunities given to the plaintiffs to examine the church records. He stated that all financial records pertaining to the church are kept at the church’s business office and that all of these records were presented at the meeting on May 28, 2008. He listed 21 items which were submitted for examination by the plaintiffs, their counsel, and their certified public |4accountant. These items included all of the church’s collection envelopes, bulletins, bills, invoices, and bank statements for the past three years,
 
 *1047
 
 as well as annual budgets for the years 2005 to 2008. Knapp stated in his affidavit that he and two other church officials were present; that the plaintiffs voluntarily stopped the inspection after an hour and 20 minutes; and that the plaintiffs only copied 12 pages from the church’s minute book. He also stated that since that inspection, the plaintiffs have made no other effort to examine the records. Additionally, Knapp attested that the church’s annual business conference was held in November 2008 in the church’s sanctuary after notice was given and that at least two of the plaintiffs were present.
 

 The defendants also submitted an affidavit by Kimberly Rice, the designated clerk for the church, in which she stated that she was familiar with the church’s membership rolls and that the majority of members had signed letters supporting Knapp and the deacon ministry of the church; the letters were attached to her affidavit. Also attached to her affidavit was a roll of current church membership.
 
 [3]
 
 Additionally submitted in support of the motion for summary judgment were certified minutes of a church meeting on January 13, 2008, at which a resolution was unanimously passed stating that the church had not authorized anyone to represent the church in lawsuits against Knapp or the church, affirming and ratifying all actions |5taken by Knapp in his 16 years as pastor, and declaring that Knapp had fully complied with all adopted bylaws of the church; and a transcript of the trial court’s ruling on the exceptions in which the judge stated that Knapp would be entitled to judgment if his actions were approved by a majority of the board of directors or deacons and by a majority of the church membership.
 

 The defendants asserted that on numerous occasions — both before and after the filing of suit — they have given the plaintiffs opportunities to examine the financial records which the plaintiffs have declined. When the trial judge ordered such an examination, the defendants stated that the plaintiffs appeared and merely “thumbed through” a few of the records for only an hour and 20 minutes.
 

 On May 19, 2009, the plaintiffs fax-filed an opposition to the motion for summary judgment, as well as motions to compel answers and to appoint a receiver. They asserted that Knapp should be compelled to answer interrogatories and hand over his personal financial records; they also reiterated their contention that a receiver should be appointed. They submitted an affidavit by the certified public accountant who represented them at the examination of the church records; he stated that he was told that no accounting records were maintained. He stated that constructing accounting records from the source documents of the church was a project that would require a substantial amount of a competent accountant’s time. The four original plaintiffs also submitted a joint affidavit stating they were present at the May 28, 2008 meeting when the financial records were | (¡provided. They made various statements to the effect that Knapp should be made to reveal his and the church’s finances.
 

 
 *1048
 
 The defendants filed a memorandum in opposition to the plaintiffs’ motions to compel answers and to appoint a receiver based upon procedural noncompliance with several court rules. They requested that the motions either be stricken from the record or that they be granted a continuance to address them. They also filed into the record a copy of their answers to the plaintiffs’ interrogatories.
 

 The motion for summary judgment was argued on May 26, 2009, and taken under advisement.
 
 [4]
 
 The next day the trial court issued written reasons, granting the motion. The trial court stated that it appeared that as long as the pastor, the board of deacons and the majority of members are in agreement, they have the authority to conduct the church’s business as they see fit. The court then set forth several facts which were not in serious dispute: the church’s records have been made available to the plaintiffs; the board of deacons and membership have affirmed all of the pastor’s actions; the majority of membership fully supports the pastor and deacons; and no specific factual allegations of “gross mismanagement” or “gross and persistent
 
 ultra vires
 
 acts” have been made. Without evidence of “gross mismanagement” or “persistent
 
 ultra vires
 
 acts,” the trial court found it was inappropriate for it to become involved in the church’s business when the majority of members, the deacons and the pastor are in agreement as to how 17business is conducted. Judgment dismissing all claims and demands by the plaintiffs was signed June 16, 2009.
 

 The plaintiffs filed a motion for new trial. They claimed that the trial court ignored its pending motion to compel and asserted that discovery was not adequate. On October 7, 2009, the trial court denied the motion for new trial; judgment was signed November 3, 2009.
 

 The plaintiffs appeal, arguing that the trial court dismissed their suit before they were allowed adequate discovery.
 

 LAW
 

 The appellate court’s review of a grant or denial of a summary judgment is de
 
 novo. Independent Fire Insurance Company v. Sunbeam Corporation,
 
 1999-2181, 1999-2257 (La.2/29/00), 755 So.2d 226. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact.
 
 King v. Illinois National Insurance Company,
 
 2008-1491 (La.4/3/09), 9 So.3d 780. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 On the motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for |8summary judgment, then the mover may merely point out to the court the absence of factual support for one or more elements essential to plaintiffs claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material facts remain. La. C.C.P. art. 966(C)(2);
 
 Fletcher v. Wendel-
 
 
 *1049
 

 ta, Inc.,
 
 43,866 (La.App.2d Cir.1/14/09), 999 So.2d 1223,
 
 writ denied,
 
 2009-0387 (La.4/13/09), 5 So.3d 164. If the plaintiff fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2);
 
 Fletcher, supra.
 

 Under La. C.C.P. art. 966, a motion for summary judgment is appropriate only after “adequate discovery.” It is not an abuse of the trial court’s wide discretion in discovery matters to entertain a motion for summary judgment before discovery has been completed. It is within the trial court’s discretion to render a summary judgment or require further discovery.
 
 Estate of Loveless ex rel. Loveless v. Gay,
 
 41,575 (La.App.2d Cir.12/13/06), 945 So.2d 233;
 
 Thomas v. Willis-Knighton Medical Center,
 
 43,176 (La.App.2d Cir.4/30/08), 981 So.2d 807,
 
 writ denied,
 
 2008-1183 (La.9/19/08), 992 So.2d 932.
 

 The defendant’s motion for summary judgment may be made at any time. La. C.C.P. art. 966(A)(1). The motion may be considered even before the parties have completed discovery.
 
 Barron v. Webb,
 
 29,-707 (La.App.2d Cir.8/20/97), 698 So.2d 727,
 
 writ denied,
 
 97-2357 (La.11/26/97), 703 So.2d 651;
 
 Humphries v. Cooper Truck Center,
 
 40,586 (La.App.2d Cir.3/8/06), 923 So.2d 940;
 
 Peterson v. City of Tallulah,
 
 43,197 (La.App.2d Cir.4/23/08), 981 So.2d 192;
 
 Brooks v. Minnieweather,
 
 44,624 (La. App.2d Cir.8/19/09), 16 So.3d 1244. It is within the trial court’s discretion to render a summary judgment, if appropriate, or to allow further discovery. While parties should be given a fair opportunity to present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed.
 
 Humphries, supra.
 
 The only requirement is that the parties be given a fair opportunity to present their claims and, unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact.
 
 Peterson, supra.
 

 La. R.S. 12:223, which provides for the keeping of corporate records and reports, states:
 

 A. Every corporation shall keep at its registered office (1) records of the meetings of its members and directors, and of committees of the board, share and membership records giving the names and addresses of the members in alphabetical order by classes and series and the number of shares held by each, and records of its assets, liabilities, receipts, disbursements, gains, losses, capital and surplus; and (2) separate records of all trust funds held by it. Whenever membership is terminated, this fact shall be recorded in the share or membership record together with the date on which the membership ceased, and transfers of shares shall similarly be recorded.
 

 B. The records listed in subsection A of this section may be in written form or in any other form capable of being converted into written form within a reasonable time.
 

 C. Every shareholder and voting member may examine in person, or by agent or attorney, at any reasonable time, the records of the corporation listed in subsection A of this section.
 

 D. If the articles or the trust instrument so provide, every corporation shall, within ninety days after the close of each fiscal year, mail an annual report, signed by the treasurer, to its members concerning any trust funds held by it, and the use made of such funds and the income thereof during such fiscal year.
 

 |inLa. R.S. 12:258, which pertains to the appointment of a receiver for a nonprofit corporation, provides in pertinent part:
 

 
 *1050
 
 A. The court may, after trial, appoint a receiver to take charge of the corporation’s property when it is made to appear, in a proceeding instituted against the corporation:
 

 (1) By any member or creditor, that the directors or officers of the corporation are jeopardizing the rights of its members or creditors by grossly mismanaging the corporation, or by committing gross and persistent ultra vires acts, or by wasting, misusing or misapplying the assets of the corporation; or
 

 (2) By any member or creditor, that the corporation’s property has been abandoned, or that, by failure of the members to elect directors, or the failure of the directors or officers to serve, there is no one authorized to take charge of or conduct its affairs;....
 

 DISCUSSION
 

 The plaintiffs assert that the trial court dismissed their action without allowing them sufficient discovery. They contend that they have a right to determine the amount the pastor received from the church and whether he is indebted to the church; to this end, they complain about his failure to specifically respond to their interrogatories. They also argue that Knapp merely “displayed” a group of invoices, bills and check stubs.
 

 For their part, the defendants respond that the only discovery executed by the plaintiffs in over a year was to propound one set of 11 interrogatories and to personally inspect all of the church’s records for an hour and 20 minutes. No depositions were taken, nor were any subpoenas issued. The defendants point out that no effort was made to cross-examine Knapp about his personal finances when he testified at the hearing on the exceptions. They note that the plaintiffs failed to follow proper procedures | nin pursuing a motion to compel. At the hearing on the motion for summary judgment, the plaintiffs did not specifically raise the motion to compel or request additional time for discovery. In summary, the defendants denied wrongdoing, gave access to the financial records of the church, and provided documentation showing support for Knapp and ratification of his actions by the deacons and members of the church. Therefore, they argue the burden of proof shifted to the plaintiffs, who were then obliged to present evidence showing gross mismanagement, gross and persistent
 
 ultra vires
 
 acts, and misuse of the church’s assets, as required by La. R.S. 12:258(A)(1) in order to defeat summary judgment. As the plaintiffs failed to do so, the defendants contend that summary judgment dismissing the suit was warranted. We agree.
 

 In
 
 Bourgeois v. Landrum,
 
 396 So.2d 1275 (La.1981), the Louisiana Supreme Court noted that the First Amendment
 
 of
 
 the United States Constitution severely circumscribes the role that civil courts may play in resolving church property disputes. The First Amendment commands civil courts to decide church property disputes without resolving underlying controversies over religious doctrine. This principle applies with equal force to church disputes over church polity and church administration. The court noted that First Amendment values are not jeopardized by a civil court’s enforcement of a voting member’s right to examine the church’s records. It specifically addressed the court’s role in such a dispute over examination of church records as follows:
 

 l iaThe role that a civil court is required to play in enforcing a voting member’s right to inspect the records that his nonprofit church corporation is required by the non-profit corporation law to keep at its registered office is severely circum
 
 *1051
 
 scribed. The records which a voting member is entitled to examine are limited to records of members’ and directors’ meetings, lists of members, records of assets, liabilities and financial transactions, and records of trust funds. The court is called upon merely to order the non-profit corporation to allow an examination at a reasonable time and perhaps to determine whether the corporation has complied with its judgment.
 

 See also
 
 Jefferson v. Franklin,
 
 96-1389 (La.App. 3d Cir.3/5/97), 692 So.2d 602, wherein the trial court properly ordered that church members be allowed to review church records under La. R.S. 12:223(C).
 

 The plaintiffs have been given opportunities to examine the church’s records, including a court-mandated meeting at which the church complied with the court’s order by supplying the records at the church’s fellowship hall. While the plaintiffs complain that there were no “accounting records” that could be easily reviewed by them, just “source documents,” there is nothing before us to suggest that the manner in which the church’s financial records are maintained is inadequate or that the records are incomplete.
 
 [5]
 
 The information the plaintiffs sought was available but they chose not to conduct a detailed examination. Furthermore, during the period of more than a year between the filing of suit and the filing of the motion for summary judgment, the plaintiffs failed to depose any witnesses, including Knapp. Based upon these factors, we believe the plaintiffs had adequate | lstime for discovery and that the motion for summary judgment was not premature.
 
 [6]
 

 Since filing suit in January 2008, the plaintiffs have not put forth any evidence supporting their accusations of “gross mismanagement” and “gross and persistent
 
 ultra vires
 
 acts.” The joint affidavit of the four original plaintiffs failed to set forth facts tending to prove their allegations; instead, the plaintiffs asked questions and listed what they wanted to know. Based upon the record before us, we cannot say that the plaintiffs have demonstrated that there are genuine issues of material fact sufficient to defeat the defendants’ request for summary judgment.
 

 Accordingly, like the trial court, we find that summary judgment in favor of the defendants is warranted under the facts of this case.
 

 CONCLUSION
 

 The trial court ruling granting summary judgment in favor of the defendants, T.
 
 *1052
 
 Alexander Knapp and Mount Calm Baptist Church of Minden, Louisiana, is affirmed. Costs of this appeal are assessed to the plaintiffs/appellants.
 

 AFFIRMED.
 

 APPLICATION FOR REHEARING
 

 Before BROWN, WILLIAMS, GASKINS, CARAWAY and LOLLEY, JJ.
 

 Rehearing denied.
 

 [1]
 

 . Evidence presented at, the hearing indicated that Baker was no longer a church member.
 

 [2]
 

 . This article states:
 

 When the answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit, or inspection of such business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.
 

 [3]
 

 . Our examination of these items reveals a membership roll of 379 current church members, 239 of whom signed letters in support of Knapp and the deacons. (The 379 number does not include persons who were marked on the rolls as nonmembers, deceased, students away, membership moved, or military; however, we included convalescents, one of whom signed a letter for Knapp.) There were also signed letters from eight persons whose names did not appear on the rolls. Thus, the defendants provided proof that about 63 percent of the church members supported them.
 

 [4]
 

 . Although counsel for the plaintiffs complained about the defendants' responses to their interrogatories, the plaintiffs’ motion to compel was not specifically mentioned at the hearing on the motion for summary judgment.
 

 [5]
 

 . We note that La. R.S. 12:223(B) requires only that the corporate records be kept in written form or in any other form capable of being converted into written form within a reasonable time.
 

 [6]
 

 . See and compare
 
 American Bank & Trust Co. In Monroe v. Cambre,
 
 486 So.2d 1076 (La.App. 2d Cir. 1986) (two months between filing of suit and motion for summary judgment was adequate time for discovery);
 
 Simoneaux v. E.I. du Pont de Nemours and Co., Inc.,
 
 483 So.2d 908 (La.1986) (trial court properly granted summary judgment within six months of filing of suit even though pending motion to compel and two unanswered discovery requests);
 
 Fisk v. Mathews,
 
 525 So.2d 223 (La.App. 1st Cir. 1988) (party could not prevent summary judgment where it made no showing that serious efforts at discovery had been made);
 
 Guillory v. Dr. X,
 
 96-85 (La.App. 3d Cir.8/28/96), 679 So.2d 1004 (one and one-half years afforded plaintiff ample time in which to gather some evidence to support the allegations of her petition);
 
 Barron v. Webb, supra
 
 (summary judgment was not premature where plaintiff failed to take depositions of witnesses and submitted only conclusory affidavit in opposition to motion for summary judgment);
 
 Orillion v. Alton Ochsner Medical Foundation,
 
 97-115 (La.App. 5th Cir.5/28/97), 695 So.2d 1063,
 
 writ denied,
 
 97-1725 (La. 10/13/97), 703 So.2d 617 (one year between the petition and motion for summary judgment had given parties adequate time for discovery).