PER CURIAM.*
1,Finding the Court of Appeal erred in reversing summary judgment on the basis there are material issues of fact regarding whether Lufkin Industries, Inc. (“Lufkin”) should have reasonably anticipated an ordinary person in the same or similar circumstances would use or handle its pumping unit as a “ride,” we grant this writ to reinstate the District Court’s judgment, granting Lufkin’s motion for summary judgment and dismissing plaintiffs claim with prejudice.
This litigation arises from an accident that occurred in rural Rapides Parish on March 9, 2004, when thirteen-year-old Henry Goudeau climbed onto the moving pendulum of an oil well pump and attempted to “ride” the pendulum. As the pendulum continued its upward motion, his pants unfortunately became entangled in other parts of the pump, resulting in severe personal injuries.
Henry’s mother, Robbie Payne, subsequently filed suit against the manufacture of the pumping unit, Lufkin, among others. In response, Lufkin filed a motion for summary judgment, asserting it was not liable for Henry’s injuries because it did not “anticipate” at the time it designed and manufactured the product in the 1950s that it would be “used” for recreational purposes — “riding”—by persons, including teenagers. Lufkin, in support thereof, filed a Statement of Undisputed Material Facts, which ^stated Lufkin manufactured the pump for the sole purpose of extracting oil, and not as a ride, as well as the deposition of Jon Tarver, the co-owner of the company that owned the oil pump, who testified to the same.[1] In opposition, Ms. Payne argued there existed a foreseeable risk children would attempt to play on the oil well pump and submitted trial court cases from California, Texas, and Oklahoma in which children had been injured while attempting to “ride” on an oil well pumping unit and the deposition testimony of Brett Gardner, regarding a fatal accident in Shreveport involving teenagers attempting to ride a pumping unit.[2]
The District Court granted summary judgment, finding plaintiff “failed to allege any facts that the pump was unreasonably dangerous in itself and for the purpose for which it was intended,” ie., pumping oil:
At the time of the accident, the minor was thirteen years of age; he should have known not to attempt to ride the oil pump. The standard is that of a reasonable person.
The oil well, in itself, was not unreasonably dangerous for its reasonably anticipated use; because it’s anticipated use was for pumping oil and not riding.
*231 On appeal, the Court of Appeal, Third Circuit, reversed and remanded, finding it could not “conclude that the scintilla of direct evidence presented by Ms. Payne was insufficient to allow a reasonable juror to conclude Lufkin ... should have expected an ordinary person in the same or similar circumstances to use or handle the pumping unit in this way,” and so, summary judgment was not proper. Payne v. Gardner, 10-0021, 0022, p. 8 (La.App. 3 Cir. 10/27/10), 49 So.3d 1013.
Under the law governing this action, plaintiffs exclusive remedy against IsLufkin sounds in products liability as governed by the Louisiana Products Liability Act (LPLA), La.Rev.Stat. 9:2800.1 et seq. In accord with its provisions, a manufacturer’s responsibility to a party injured by its product is set forth in La.Rev.Stat. 9:2800.54(A), which provides:
The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity. (Emphasis added).
A “reasonably anticipated use” of the product is defined as “a use or handling of a product that the product’s manufacturer should reasonably expect of an ordinary person in the same or similar circumstances.” La.Rev.Stat. 9:2800.53(7). Notably, this definition is narrower in scope than its pre-LPLA counterpart, “normal use,” which included “all reasonably foreseeable uses and misuses of the product,” see Bloxom v. Bloxom, 512 So.2d 839, 841 (La.1987)(definition of “normal use”), but, like “normal use,” what constitutes a reasonably anticipated use is ascertained from the point of view of the manufacturer at the time of manufacture. Daigle v. Audi of America, Inc., 598 So.2d 1304, 1307 (La.App. 3d Cir.), unit denied, 604 So.2d 1306 (La.1992). Unlike its “normal use” counterpart, though, the use of the words “reasonably anticipated” effectively discourages the fact-finder from using hindsight. Id.
“Reasonably anticipated use” also effectively conveys the important message that “the manufacturer is not responsible for accounting for every conceivable foreseeable use” of its product. Blanchard v. Midland Risk Ins., 01-1251, p. 3 (La.App. 3 Cir. 5/8/02), 817 So.2d 458, 460, writs denied, 02-1517, 1594 (La.9/20/02), 825 So.2d 1178, 1181; Dunne v. Wal-Mart Stores, Inc., 95-2047, p. 4 (La.App. 1 Cir. 9/10/96), 679 So.2d 1034, 1037; Delphen v. Department of Transp. and Development, 94-1261 (La.App. 4 Cir. 5/24/95), 657 So.2d 328, 333, writs denied, 95-2116, 2124 (La.11/17/95), 663 So.2d 716, 717. Likewise, “knowledge of the potential and actual intentional abuse of its product does not create a question of fact on the question of reasonably anticipated use.” Butz v. Lynch, 99-1070 (La.App. 1 Cir. 6/23/00), 762 So.2d 1214, 1218, writ denied, 00-2660 (La.11/17/00), 774 So.2d 980; see also, Kelley v. Hanover Ins. Co., 98-506 (La.App. 5 Cir. 11/25/98), 722 So.2d 1133, writ denied, 98-3168 (La.2/12/99), 738 So.2d 576; Peterson v. G.H. Bass and Co., Inc., 97-2834 (La.App. 4 Cir. 5/20/98), writ denied, 98-1645 (La.10/16/98), 727 So.2d 441.
Accordingly, under La.Rev.Stat. 9:2800.54, plaintiff had to make a sufficient evidentiary showing that, at the time of manufacture, Lufkin should have reasonably expected an ordinary consumer or user of its pumping unit would use its product as a “ride.” However, through its exhibits, namely its Statement of Undisputed Material Facts and the deposition of Jon Tarver, which established the pumping unit was manufactured solely for the pur *232 pose of extracting oil from the ground, and not for an amusement park ride, Lufkin satisfactorily “point[ed] out to the court that there is an absence of factual support for” a finding that Henry’s accident arose from a reasonably anticipated use of the pumping unit. See La.Code Civ. Proc. art. 966(C)(2). Moreover, all evidence and jurisprudence relied upon by the appellate court and plaintiff to establish that the intentional misuse in this case, ie., the riding, could be considered a reasonably anticipated use as encompassed by the applicable statute involved occurrences well after the date the pump was manufactured.
Consequently, because plaintiff failed to produce factual support sufficient to establish she will be able to satisfy her eviden-tiary burden of proof at trial, La.Code Civ. Proc. art. 966(C)(2), and because, on the state of the evidence, reasonable 1 ¡¡persons could reach only one conclusion, ie., riding the pumping unit was not a reasonably anticipated use of the unit at the time it was manufactured, there is no need for a trial on this issue. See Smith v. Our Lady of the Lake Hospital, 93-2512, pp. 63-64 (La.7/5/94), 639 So.2d 730, 751. Therefore, Lufkin is entitled to judgment as a matter of law, La.Code Civ. Proc. art. 966(B), and the Court of Appeal erred in its reversal.
Accordingly, we reversed the judgment of the Court of Appeal and reinstate the judgment of the District Court, granting Lufkin’s motion for summary judgment and dismissing plaintiffs claim with prejudice.
DECREE
For the foregoing reasons, the judgment of the Court of Appeal is hereby reversed, and the judgment of the District Court is hereby reinstated.
WRIT GRANTED; REVERSED and DISTRICT COURT JUDGMENT REINSTATED.
WERNER, J. concurs.

 Kimball, C.J., did not participate in the deliberation of this opinion.

. Lufkin also filed copies of the depositions of Henry Goudeau and Brett Gardner, a gauger for the well.

. Titus v. Bethlehem Steel Corp., 91 Cal. App.3d 372, 154 Cal.Rptr. 122 (Cal.App.2d Dist.1979), Burk Royalty Co. v. Pace, 620 S.W.2d 882 (Tx.App. 12th Dist.1981), Knowles v. Tripledee Drilling Co., Inc., 1989 OK 40, 771 P.2d 208 (1989). Plaintiff also filed duplicate copies of the depositions filed by Luf-kin, her own deposition, the deposition of Maurine Noone, the owner of the property on which the oil well was drilled, and a photo of the pumping unit.