CARTER, C.J.
1 .This is an appeal from a summary judgment dismissing the products liability claim of plaintiff, Michael R. Duncan. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY

This is a products liability action arising out of a motor vehicle accident. On January 24, 2004, plaintiff, Michael R. Duncan, was in a motor vehicle accident with James Poydras. At the time of the accident, plaintiff was driving a 1993 Ford Taurus. In January 2005, plaintiff sued Ford Motor Company (“Ford”) and its liability insurer, XYZ Insurance Company,[1] alleging the airbag in his vehicle was defective because it did not deploy in the crash and that the defect caused him to sustain injury. Ford moved for summary judgment pursuant to La.Code Civ. Pro. Ann. art. 966 on the basis that there was no evidence in the record to prove plaintiffs injuries were caused by a defect in the vehicle. In its final judgment, the trial court denied a motion to compel discovery filed by plaintiff and granted Ford’s motion for summary judgment, dismissing plaintiffs claims against Ford with prejudice.
Plaintiff now appeals.

DISCUSSION

Plaintiff contends the trial court erred both in denying his motion to compel discovery and in granting defendant’s motion for summary judgment before allowing him to depose defendant’s expert.
Plaintiff filed this suit in 2005. In March 2008, the parties agreed to a discovery deadline of August 11, 2008. On plaintiffs motion, the discovery ^deadline was extended first to February 11, 2009, and again to December 11, 2009. A status conference was held in June 2009 to establish new deadlines at the urging of plain *1186 tiff, but counsel for plaintiff failed to appear.
Plaintiff informed defendant in April 2009 that he selected his expert witness. However, plaintiff did not respond to defendant’s request to take a deposition of the expert. Defendant subsequently sent a notice of deposition to plaintiff, but both the expert and counsel for plaintiff failed to appear on the scheduled day. In November 2009, plaintiff informed defendant that he would not retain the expert witness he previously selected. At this time, through an e-mail, plaintiff informally requested an opportunity to depose defendant’s expert. In this e-mail, plaintiff states, “your expert will nonetheless be able to provide his opinion on similar vehicles. Therefore, I ask that you please make your expert available for deposition before December 11th.”
Plaintiffs e-mail request did not follow the procedure set out in the Louisiana Code of Civil Procedure Annotated for requesting a deposition. A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. La.Code Civ. Proc. Ann. art. 1438. The notice must provide, among other things, the time and place for taking the deposition. Id. Plaintiff never gave such notice to defendant.
Louisiana Code of Civil Procedure Annotated article 966 deals "with the procedure for filing a motion for summary judgment. In particular, paragraph C(l) states, “[ajfter adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.” It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Central R.R. Co., 93-0783 (La.1/14/94), 631 So.2d 401, 406. Moreover, it is not an abuse of the trial court’s wide discretion in discovery matters to entertain a motion for summary judgment before discovery has been completed. Baker v. Knapp, 45,404 (La.App. 2 Cir. 6/23/10); 42 So.3d 1044, 1049, writ denied, 10-2073 (La.11/12/10), 49 So.3d 895. It is within the trial court’s discretion to render a summary judgment or require further discovery. Id.
In this case, plaintiff had six years from the time of the accident (January 24, 2004) to the filing of the motion for summary judgment to complete discovery and to properly depose defendant’s expert. It was not until December 2009, the twice extended discovery deadline, that plaintiff filed a motion to compel discovery to obtain the deposition. We do not find, therefore, that the trial court abused its discretion in denying plaintiffs motion to compel discovery or in granting defendant’s motion for summary judgment without allowing him to depose defendant’s expert witness.[2]
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether a summary judgment is appropriate. McIntyre v. The St. Tammany Parish Sheriff, 02-0700 (La.App. 1 Cir. 3/28/03); 844 So.2d 304, 308-309. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. La.Code Civ. *1187 Proc. Ann. art. 966(A)(2). The procedure is favored and shall be construed to accomplish these ends. Id. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no ^genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. Ann. art. 966(B).
The burden of proof remains with the mover, but if the mover will not bear the burden of proof at trial on the matter that is before the court, the mover’s burden does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La.Code Civ. Proc. Ann. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. A court may grant summary judgment that is dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case. La.Code Civ. Pro. Ann. art. 966(E).
We have conducted a de novo review of the record in this case and agree with the trial court that no genuine issue of material fact exists and defendant is entitled to judgment as a matter of law. Defendant met its initial burden by pointing out there is no evidence showing plaintiffs damages were caused by a defect in the Ford vehicle. Plaintiff failed to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial. In the absence of any evidence suggesting that due to some unreasonably dangerous characteristic of the Ford vehicle as defined under the Louisiana Products Liability Act the airbag did not deploy, summary judgment was appropriate.
| (¡DECREE
For the foregoing reasons, the judgment of the trial court denying plaintiffs motion to compel and granting the motion for summary judgment is affirmed. Costs of this appeal are assessed to the plaintiff/appellant, Michael R. Duncan.
AFFIRMED.

. Plaintiff also named James Poydras and his wife, Albertine Poydras, as defendants in this suit. We recognize there may be outstanding claims against these defendants. However, the judgment against Ford is appealable under La.Code Civ. Proc. Ann. art. 1915(A)(1).

. Plaintiff contends summary judgment was not the appropriate procedure to dispose of his fact-intensive cause of action. We disagree. The Louisiana Supreme Court recently reinstated a district court’s judgment granting a motion for summary judgment in a products liability case. See Payne v. Gardner, 10-2627 (La.2/18/11); 56 So.3d 229.